ALBANY,
Oct. 1826.

Spafford
v.
Hood.

The penalty imposed by the latter part of the 22d section of the act for the support of common schools, (sess. 42, ch. 161.) upon the clerks, &c. of school districts, for the nonperformance of their duties, does not extend to the defective performance, or omission of a particular act; but only to a general nonperformance of the duties of their offices.

Accordingly, it does not attach for the omission of the clerk, to warn a part of the taxable inhabitants of a school district, to attend a special meeting ordered by the trustees.

The object of this section was, to compel a bona fide acceptance of the offices which it enumerates.

## SPAFFORD against HOOD.

ON error from the C. P. of *Orleans* county. The cause came into that court by appeal from a justice's court. The action was debt, by *Spafford* against *Hood*, for $10, the penalty mentioned in the 22d section of the act for the support of common schools, passed *April 12th*, 1819. (*Sess.* 42, *ch.* 161, *p.* 187.) The declaration was for neglect of the duties imposed on the defendant, as district clerk of school district No. 8, in the towns of *Murray* and *Clarendon*, in the county of *Orleans*.

At the trial, in the C. P., the plaintiff proved that the defendant was clerk for the district mentioned in the declaration, and that he acted as such in 1824; and that, as such clerk, he was ordered by the trustees of the district, in *December*, 1824, to call a special meeting for the 24th of that month. That he was ordered to do this more than 5 days previous to the meeting; but that he neglected to warn and notify certain individuals, taxable inhabitants, who resided in the boundaries of the district.

The court below deciding that, to warrant a recovery of the penalty, the omission of the defendant must be shown to have been wilful and designed, evidence was given upon this point. The court also charged the jury that the omission must have been wilful and designed; and the plaintiff excepted upon this, and other points which it is not necessary to notice. Verdict and judgment for the defendant.

*L. B. Jewett*, for the plaintiff in error.

A similar construction applies to the 5th section of the act for the assessment and collection of taxes, (2 R. L. 512,) which imposes a penalty upon assessors. Per SUTHERLAND, J. delivering the opinion of the court.

Where it is the intention of the legislature to impose a penalty on an officer, for the omission of any particular duty, they use language which is clear and explicit; e. g. 2 R. L. 274, imposing $10 on overseers of highways for not warning people assessed to work, &c. Per SUTHERLAND, J. delivering the opinion of the court.

*R. Bryant*, contra.

*Curia, per* SUTHERLAND, J. The latter part of the 22d section of the " act for the support of common schools," imposes the penalty of 10 dollars upon the clerk, trustees and collector of each school district, who shall neglect the performance of the duties of his office. This section provides, in the first place, " that every person who shall be duly chosen, or appointed to either of said offices, and shall refuse to serve therein, shall forfeit and pay the sum of $5, &c. ; *and every person, who being duly chosen or appointed as aforesaid, to serve in any such office, and having accepted thereof, or not declared his refusal to accept, shall neglect the performance of the duties of such office,* shall forfeit and pay the sum of $10 ; to be recovered, &c." The defendant was elected clerk of the school district in which he resided, and accepted the office ; and, for aught that appears, performed its duties generally in a faithful and satisfactory manner. But it appeared, that in the month of *December*, 1824, he was directed by the trustees to call a special meeting of the district. That on such occasion, he omitted to give notice of the time and place of the meeting, to two or three of the taxable inhabitants of the district ; and that omission is the foundation of this action.

The plaintiff took several exceptions to the opinions expressed by the court below, which it is not necessary particularly to consider ; as we are clearly of opinion that it is not a case to which the penalty given by the section in question, was intended to apply.

It is apparent, that the sole object of the 22d section of this act, is to compel the individuals who may be elected, or appointed to the offices of clerk or trustees, or collector of any school district, to accept the appointment. It is accordingly provided in the first instance, that any individual who, after having been duly elected or appointed to either of those offices, *shall refuse to serve therein,* shall forfeit and pay the sum of $5. But it was foreseen that this provision might be evaded, by a nominal acceptance

of the offices, and an entire neglect or omission to perform any of their duties : and it was to guard against such an evasion, that the latter clause of the section was inserted. It is applicable only to cases where the acceptance of the office is colourable merely, without any *bona fide* intention, at the time of accepting it, of discharging its duties ; and not to cases where the person elected or chosen, enters upon, and performs the general duties, of the office ; but is guilty in an individual instance, of a negligent, or even a wilful omission of his duty. The duties of these officers are various and minute ; some of a merely ministerial character, as calling meetings, giving notices, &c. ; others of a more important and responsible description ; and the performance of the latter is generally enforced, either by requiring security to be given, or imposing a specific penalty for the omission. Thus, by the 24th section, the collector of the district is required to give security in double the amount of the taxes, or other moneys to be collected by him : and by the 28th section, a penalty of $25 is imposed upon the trustees, or any one of them, who shall make a false report to the commissioners of common schools for their town ; by means whereof any moneys shall be fraudulently obtained from the commissioners, or unjustly apportioned by them. And the 30th section imposes a similar penalty upon any trustee, who shall refuse or neglect to render an account of all the money received by him, or to pay over any balance which may be found in his hands. The discharge of the important duties of these officers being thus provided for, it is not reasonable to suppose that the legislature intended to impose a penalty upon them, for an omission to perform each and every subordinate act, appertaining to their offices. It is not usual with us, to enforce the performance of the duties of our officers by penalties, except where, from the nature of the duty, there is peculiar danger of malfeasance.

The 5th section of the act for the assessment and collection of taxes, (2 *R. L.* 512,) contains a provision very similar to that which we are now considering. It is, that if any assessor shall refuse, or, without being prevented

by sickness, neglect to perform the duties required of him by this act, he shall forfeit and pay to the people of this state the sum of $50. There can be no doubt, I apprehend, that the neglect here spoken of and intended, is a total neglect, equivalent to a refusal to take upon himself the office ; and not the omission of a single act.

The 9th section of the act relative to the duties and privileges of towns, (2 *R. L.* 129,) contains a similar provision in relation to the town officers.

Where it is the intention of the legislature to impose a penalty on an officer for the omission of any particular duty, they use language which is clear and explicit. Thus, in relation to the overseers of highways, (2 *R. L.* 274, *s.* 14,) it is provided, " That every overseer of highways, who shall neglect or refuse to warn the people assessed, to work on the highways, &c., or to collect the moneys that may arise from fines or commutations, or to perform *any of the duties* and services required by the act, or which may be enjoined on him by the commissioners, &c., shall forfeit *for every such neglect or refusal*, the sum of $10," &c. The difference in the phraseology of these acts is very striking : and, in my judgment, affords strong confirmation of the correctness of the construction we have given to the section of the school act under consideration. The judgment of the court below must be affirmed.

<div align="center">Judgment affirmed.</div>